IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
AUG 1 4 2007
CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | |
|---|---|
| CYNTHIA ANDERSEN, | § |
| Plaintiff, | § |
| VS. | § NO. 4:06-CV-582-A |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY, | § |
| Defendant. | § |

## MEMORANDUM OPINION
### and
### ORDER

Came on for consideration the above-captioned action wherein Cynthia Andersen is plaintiff and the Commissioner of Social Security, currently Michael J. Astrue,[1] is defendant. The court has carefully considered the proposed findings, conclusions, and recommendation of the United States Magistrate Judge ("FC&R"), plaintiff's objections to same, and the evidence. For the reasons given below, the court has concluded that defendant's decision should be reversed and the case remanded for further proceedings consistent with this opinion.

I.

### Standards of Review

Pursuant to 42 U.S.C. § 405(g), the only issues before the court are whether the final decision of the Commissioner that plaintiff is not disabled within the meaning of the Social

---

[1] On February 12, 2007, Michael J. Astrue succeeded Jo Anne B. Barnhart, the defendant named in the complaint, as the Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Michael J. Astrue is thus automatically substituted as the proper party.

Security Act is supported by substantial evidence, and whether the decision complies with applicable legal standards. Crouchet v. Sullivan, 885 F.2d 202, 204 (5th Cir. 1989). If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. Richardson v. Perales, 402 U.S. 389, 390 (1971). The court may not reweigh the evidence or substitute its opinion for that of the Commissioner, but must scrutinize the record in its entirety to ascertain whether substantial evidence exists to support the Commissioner's findings. Fraga v. Bowen, 810 F.2d 1296, 1302 (5th Cir. 1987).

Substantial evidence is more than a mere scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Crouchet, 885 F.2d at 204. In determining whether the Commissioner's decision is supported by substantial evidence, the court considers (1) objective medical facts and clinical findings, (2) diagnosis of examining physicians, (3) subjective evidence of pain and disability as testified to by the claimant, and (4) the claimant's age, education, and work history. Smith v. Schweiker, 646 F.2d 1075, 1077 (5th Cir. Unit A June 1981). "[N]o substantial evidence" will be found only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence." Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988) (citing Hames v. Heckler, 707 F.2d 162, 164 (5th Cir. 1983)).

Once the magistrate judge has issued his proposed findings, conclusions, and recommendations, and the plaintiff has made

2

objections thereto, the district judge makes a <u>de novo</u> determination of those portions of the magistrate judge's specified proposed findings or recommendations to which objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court now makes that determination in the context of the basic principles mentioned above.

II.

Facts

Although plaintiff states that she objects to some of the magistrate judge's "findings" she actually takes issue with the conclusions made from his findings. Because plaintiff does not make any objection to the facts found by the magistrate judge, the court accepts and adopts the section titled "Administrative Record" in the FC&R. See FC&R 4-8.

III.

Osborn's Specific Objections to the FC&R

Osborn makes two specific objections to the FC&R. She objects to the magistrate's purported conclusions that (1) a reasoning level 2 is consistent with the hypothetical of the administrative law judge ("ALJ"), and (2) there are jobs in significant numbers available to plaintiff.

Plaintiff states that she objects to the magistrate judge's conclusion "that a reasoning Level 2 is consistent with the limitations given by the [ALJ] for the claimant." Pl.'s Objs. to FC&R 1. The Dictionary of Occupational Titles ("DOT") states that an employee at a Level 1 of Reasoning Development can "[a]pply

3

commonsense understanding to carry out simple one- or two-step instructions [, and] [d]eal with standardized situations with occasional or no variable in or from these situations encountered on the job," while an employee at a Level 2 is able to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions[, and] [d]eal with problems involving a few concrete variables in or from standardized situations." DICTIONARY OF OCCUPATIONAL TITLES app. C (rev. 4th ed. 1991). Here, the ALJ, in forming a hypothetical situation for the Vocational Expert ("VE") to analyze, limited plaintiff's ability "to understand, remember, and carry out simple instructions in a simple and routine work environment and make simple work-related decisions." Record 454. The VE testified that those restrictions would preclude plaintiff from all of her previous work and that the jobs available to her would be a callout operator, a semi conductor bonder and a surveillance system monitor. The ALJ then asked the VE if all of these jobs were at a Level 2 of Reasoning Development, and the expert answered that they were.

As stated by the magistrate judge in the FC&R, while all three of the jobs described by the VE are listed as unskilled in the DOT, both a callout operator and a surveillance system monitor include a reasoning level of 3, not a level of 2 as testified to by the expert. Plaintiff argues that even a semi conductor bonder, having a reasoning level of 2, does not comport with the ALJ's restrictions on plaintiff's reasoning ability. She maintains that this creates a conflict between the VE's testimony

4

and the DOT, and that, thus, Social Security Ruling 00-4p requires a remand of the ALJ's decision.

The Social Security Administration, in December of 2000, issued new rulings, including one with a stated purpose of clarifying the standards for identifying and resolving the conflicts between occupational evidence provided by a VE and information in the DOT. Social Security Ruling 00-4p, 65 Fed. Reg. 75759-01 (Dec. 4, 2000). The regulation states that

> [w]hen there is an apparent unresolved conflict between VE or VS evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled. At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency.
>
> Neither the DOT nor the VE or VS evidence automatically "trumps" when there is a conflict. The adjudicator must resolve the conflict by determining if the explanation given by the VE or VS is reasonable and provides a basis for relying on the VE or VS testimony rather than on the DOT information.

Id. at 75760. Further, the ruling clarifies the ALJ's responsibility of questioning the VE about possible conflicts between the expert's testimony and the DOT. The Ruling states that

> [w]hen a VE or VS provides evidence about the requirements of a job or occupation, the adjudicator has an affirmative responsibility to ask about any possible conflict between that VE or VS evidence and information provided in the DOT. In these situations, the adjudicator will:
>
> > Ask the VE or VS if the evidence he or she has provided conflicts with information provided in the DOT; and

> If the VE's or VS's evidence appears to conflict
> with the DOT, the adjudicator will obtain a
> reasonable explanation for the apparent conflict.
>
> . . . The adjudicator will explain in the determination
> or decision how he or she resolved the conflict. The
> adjudicator must explain the resolution of the conflict
> irrespective of how the conflict was identified.

Id. at 75760-61.

Here, the ALJ relied on the VE's testimony to support his conclusion that plaintiff could perform jobs that exist in significant numbers in the national economy. Plaintiff did not identify conflicts between the DOT and the VE at the hearing. However, plaintiff has since identified the conflict between the ALJ's restrictions on plaintiff's abilities and his conclusion that she could perform jobs with a reasoning level 2 as well as the conflict between the VE's testimony regarding what specific jobs plaintiff could perform and what reasoning level such jobs require.

According to the record, the ALJ never asked the expert if any conflicts existed between his testimony and the DOT. As quoted above, the Social Security rules clearly place an affirmative burden on the ALJ to ask the expert if any conflicts exist between his or her testimony and the DOT. Here, the ALJ did not comply with the rulings.

The magistrate judge found that "[a]ny error in the vocational expert's testimony would be harmless because there is at least one identified job available that requires level 2 reasoning skills, which is a reasoning level that other courts have viewed as being compatible with jobs that are simple and

6

routine." FC&R 13. Further, the magistrate judge found that the ALJ's failure to ask about conflicts did not require the case to be remanded. Id. at 17. Citing Carey v. Apfel, 230 F.3d 131, 146-47 (5th Cir. 2000), he states that "[t]he Fifth Circuit also cautions against allowing a claimant to scan the record for implied or unexplained conflicts between expert witness testimony and voluminous provisions of the DOT and then present the conflict as reversible error when the conflict was not considered sufficient to merit adversarial testing during the administrative hearing." FC&R 16. Further, he concluded that the defendant's decision should be affirmed because plaintiff did not show how the ALJ's failure to ask about conflicts actually prejudiced her case. Id. at 17.

The court disagrees. First, the court concludes that in the instant action the ALJ's failure to ask about conflicts does require the case to be remanded. Carey was decided before the SSA issued Ruling 00-4p including its clarification that the ALJ has an affirmative duty to ask a VE about conflicts. See Burns v. Barnhart, 312 F.3d 113, 127 (3rd Cir. 2002)(stating that Ruling 00-4p "requires that the ALJ ask the vocational expert whether any possible conflict exists between the vocational expert's testimony and the DOT, and that, if the testimony does appear to conflict . . . that the ALJ explain in his decision how the conflict was resolved".) Thus, the language the magistrate judge quoted from Carey does not relieve the ALJ of his duties to ask the VE about conflicts. See Cooper v. Barnhart, No. 03-CV-665-J, 2004 WL 2381515 at *5 (N.D. Okla. Sept. 26, 2003) (distinguishing Carey

7

from a case with facts very similar to the instant action).

Second, the court concludes that plaintiff has met her burden of showing that the ALJ's conduct prejudiced her case. Even assuming, as the magistrate judge concluded, that there are a significant number of jobs at a reasoning level of 2 that plaintiff could perform, the ALJ failed to develop the record regarding the asserted conflict between his restrictions on plaintiff's abilities and the abilities required under a reasoning level of 2. Further, the record should have been further developed with respect to the inconsistencies between the VE's testimony and the actual reasoning levels associated with the jobs he described.

Finally, the court concludes that defendant has failed to meet his burden of producing evidence that there is work in significant numbers that plaintiff could perform. Again, even assuming that the magistrate judge is correct in concluding that plaintiff can perform a job at a reasoning level of 2, the court is not convinced that a finding of 1400 jobs in the state economy constitutes substantial evidence that a significant number of jobs are available to plaintiff.

Moreover, the question before the court is not whether there is substantial evidence to support the number of jobs found by the magistrate judge to be available to plaintiff, but whether there is substantial evidence to support defendant's decision. Due to the inconsistencies in the VE's testimony regarding jobs, their relation to the ALJ's hypothetical, and the respective reasoning levels of those jobs, and the ALJ's reliance on such testimony,

the court cannot conclude that there is substantial evidence in the record to support defendant's decision. Thus, defendant's decision should be reversed and the case remanded.

IV.

## Conclusion and Order

For the reasons stated above, the court concludes that defendant's decision should be reversed and that the above-captioned action should be remanded. Therefore,

The court ORDERS that the decision of defendant in the above-captioned action be, and is hereby, reversed and remanded for further administrative proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g).

SIGNED August 14, 2007.

_____
JOHN McBRYDE
United States District Judge